OPINION
Defendant Kevin Moore appeals a judgment of the Court of Common Pleas of Stark County, Ohio, convicting and sentencing him for one count of theft as a felony of the fifth degree in violation of R.C. 2913.02 (A). Appellant assigns a single error to the trial court:
ASSIGNMENT OF ERROR I.
 THE CONVICTION OF THE APPELLANT FOR FELONY FIVE THEFT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
At trial, the State presented testimony of Janet Kimball and Detective Michael Recktenwalt. Kimball was working the midnight shift at the Holland Oil gas station in Canton, Stark County, Ohio, when a man she identified as appellant came to the store at approximately 3:00 a.m. Appellant told Kimball he had run out of gas. Kimball explained appellant had to leave his driver's license or five dollars as security, and pay for the gas. Appellant gave Kimball five dollars for security, paid for the gasoline, and left with it in a can. Approximately 45 minutes later, appellant returned with the gas can, and told Kimball his name was Kevin. Appellant reminded Kimball the two had worked together at a Burger King. Appellant told Kimball he was hungry, but had spent all of his money on gas. Kimball agreed to buy appellant a bag of chips from the convenience store. Appellant thanked her and drove away in a white mini-van. At approximately 5:30 a.m. that same day, Kimball opened the convenience store portion of the gas station. Appellant approached from his white mini-van and entered the store. Appellant went to the coolers and took out a beer, and got in line behind another customer, whom Kimball identified as a cab driver who was a regular customer. Appellant paid Kimball back her dollar for the chips, and purchased the beer. About 20 minutes later, Kimball realized her purse was sitting out on the counter. Kimball grabbed it, and felt it was too light. Investigating, Kimball found her wallet was missing. She and her manager viewed the video tape from the surveillance cameras located in the store. After reviewing the video tape, Kimball called the police, and they also watched the tape. The State played the video tape for the jury, as Kimball narrated it. Detective Recktenwalt interviewed Kimball, and she told him the thief was a man she knew as Kevin, who had worked with her a couple years ago at Burger King. Recktenwalt went to the Burger King and reviewed its employment records. From the records, Recktenwalt learned appellant's name. Recktenwalt then showed Kimball a photo array and Kimball identified appellant's photo as that of the thief. The State Highway Patrol recovered Kimball's wallet the same day. Everything that had been in it was still there, except for her children's birth certificates and social security cards. Kimball also felt her credit cards had been moved around. Appellant argues there is no clear evidence anyone saw the appellant take the wallet from Kimball's purse. Appellant points out there were other persons in the store between the time Kimball last recalled having her wallet, and the time she realized it was missing. Appellant argues he returned the gas can and the dollar he had borrowed from Kimball, which is inconsistent with a person who would steal from her. Appellant also points out Kimball recovered her wallet and her credit card, and whoever stole the wallet could not have known there was a credit card there. Because the jury found the theft involved a credit card, the theft offense was a felony of the fifth degree. In State v. Thompkins (1997), 78 Ohio St.3d 380, the Ohio Supreme Court directed reviewing courts to review the entire record, and to determine whether the jury clearly lost its way and created a manifest miscarriage of justice. A reviewing court should defer to the conclusion reached by the trier of fact if there is evidence which supports that decision, see State v. DeHass (1967), 10 Ohio St.2d 230. Appellant disparages the video tape, arguing it is of poor quality and does not actually depict appellant removing a wallet from a purse. The jury was given the opportunity to view the video tape, as well as to assess all the other testimony and evidence presented. Our review of the record leads us to conclude the jury did not clearly lose its way, but rather, there is sufficient, competent and credible evidence in support of each of the elements of the crime charged to entitle a reasonable jury to conclude appellant was guilty beyond a reasonable doubt. For this reason, we find the jury's verdict was not against the manifest weight of the evidence. The assignment of error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed, and the cause is remanded to that court for execution of sentence.
By Gwin, J., Wise, P.J., and Hoffman, J., concur